# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BYRON CHRISTOPHER DIXON, | Civil No. 3:15-cv-00425 |
| Plaintiff | (Judge Mariani) |
| v. | |
| JAMES LARSON, et al., | |
| Defendants | |

## MEMORANDUM

Plaintiff, Byron Christopher Dixon, a former inmate at the Luzerne County Correctional Facility, in Wilkes-Barre, Pennsylvania,[1] initiated the instant civil rights action on February 27, 2015. (Doc. 1). Named as Defendants are James Larson, Deputy Warden at the Luzerne County Correctional Facility; Robert Lawton, County Manager; and James Younkin, an employee at the Luzerne County Correctional Facility.[2] (Docs. 1, 10). Presently pending before the Court is a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) filed by Defendant Larson. (Doc. 14). Plaintiff failed to file a brief in opposition to Defendant Larson's motion. The motion will be deemed ripe for disposition and, for the reasons set forth below, will be granted.

---

[1] Plaintiff is no longer incarcerated. See (Docket Entry dated August 19, 2015).

[2] As discussed herein, Defendants Lawton and Younkin will be dismissed from this action pursuant to Federal Rule of Civil Procedure 4(m).

I.   **Motion to Dismiss Standard of Review**

A complaint must be dismissed under FED. R. CIV. P. 12(b)(6), if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). The plaintiff must aver "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).

"Though a complaint 'does not need detailed factual allegations, . . . a formulaic recitation of the elements of a cause of action will not do.'" *DelRio-Mocci v. Connolly Prop. Inc.*, 672 F.3d 241, 245 (3d Cir. 2012) (citing *Twombly*, 550 U.S. at 555). In other words, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 118 (3d Cir. 2013) (internal citations and quotation marks omitted). A court "take[s] as true all the factual allegations in the Complaint and the reasonable inferences that can be drawn from those facts, but . . . disregard[s] legal conclusions and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ethypharm S.A. France v. Abbott Laboratories*, 707 F.3d 223, 231, n.14 (3d Cir. 2013) (internal citations and quotation marks omitted).

> *Twombly* and *Iqbal* require [a district court] to take the following three steps to determine the sufficiency of a complaint: First, the court must take note of the

elements a plaintiff must plead to state a claim. Second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.

*Connelly v. Steel Valley Sch. Dist.*, 706 F.3d 209, 212 (3d Cir. 2013).

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not show[n] - that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (internal citations and quotation marks omitted). This "plausibility" determination will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

However, even "if a complaint is subject to Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008).

> [E]ven when plaintiff does not seek leave to amend his complaint after a defendant moves to dismiss it, unless the district court finds that amendment would be inequitable or futile, the court must inform the plaintiff that he or she has leave to amend the complaint within a set period of time.

*Id.*

## II. **Allegations of the Complaint**

Plaintiff alleges that on December 24, 2014, he was treated with medication management by psychiatrist Dr. Kahn, from Northeast Counseling Services. (Doc. 1, pp. 2, 5). In the following days, Plaintiff's medication was allegedly discontinued by the

3

correctional facility. (*Id.* at 5). As a result of discontinuing his medication, Plaintiff claims that he suffered from mental and physical shock, and severe pain. (*Id.*). Plaintiff further claims that he suffered a relapse of his bipolar disorder, and post-traumatic stress disorder. (*Id.* at 3). Plaintiff alleges that he was placed in isolation as punishment for asking for his medication, and disciplinary action was taken against him on February 6, 2015. (*Id.* at 3).

Lastly, Plaintiff alleges that he was denied adequate mental health treatment, Defendant Larson failed to protect him from cruel and unusual punishment, and Defendant Lawton failed to respond to his complaints regarding conditions of confinement. (*Id.* at 4).

## III. Discussion

### A. Rule 41(b)

Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action for a plaintiff's failure to comply with procedural rules or orders of the court. *See* FED. R. CIV. P. 41(b); *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629 (1962); *Donnelly v. Johns-Manville Sales Corp.*, 677 F.2d 339, 341 (3d Cir. 1982). In deciding whether to dismiss a case pursuant to Rule 41(b), the court must consider the factors identified in *Poulis v. State Farm Fire and Casualty Co.*, 747 F.2d 863 (3d Cir. 1984). The six (6) factors include:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary; (3) history of dilatoriness; (4) whether the conduct of the party was willful or in bad faith; (5) the effectiveness of sanctions; and (6) the meritoriousness of the claim or defense.

4

*Id.* at 868. Not all of the *Poulis* factors need be satisfied to dismiss a complaint. *See Shahin v. Delaware*, 345 Fed. Appx. 815, 817 (3d Cir. 2009) (citing *Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992)).

First, in the present matter, Plaintiff is *pro se* and is solely responsible for not filing a brief in opposition to Defendant's motion. *See Colon v. Karnes*, 2012 U.S. Dist. LEXIS 14692, *7 (M.D. Pa. 2012) ("Plaintiff is proceeding *pro se*, and thus is responsible for his own actions."). Second, Defendant is prejudiced by Plaintiff's inaction because he "cannot defend an action that Plaintiff[] do[es] not pursue." *Taliaferro v. Darby Twp. Zoning Bd.*, 2008 U.S. Dist. LEXIS 55695, *7 (E.D. Pa. 2008) (dismissing the complaint pursuant to Rule 41(b)). Third, Plaintiff appears to have history of dilatoriness. The instant motion to dismiss was filed ten (10) months ago. (Doc. 14). On December 23, 2015, this Court entered an Order, (Doc. 23), granting Plaintiff additional time to respond to Defendant's motion, however he has nonetheless failed to file an opposition brief. *See Binkley v. Rendell*, 2012 U.S. Dist. LEXIS 89510, *7 (M.D. Pa. 2012) (concluding that the plaintiff's dilatoriness of less than one month in filing a brief in opposition outweighed any of the other considerations set forth in *Poulis*). Fourth, this Court finds that Plaintiff's decision not to file a brief in opposition to Defendant's motion is willful. *See Crouse v. W. Leb. Twp.*, 2006 U.S. Dist. LEXIS 25972, *4 (M.D. Pa. 2006) (concluding, "plaintiff's failure to comply with the order of court directing him to file responses to the pending motions and advising that inaction may

result in dismissal of the complaint ... constitutes willful disregard of the court's authority").

Fifth, because Plaintiff is indigent, this Court finds that alternative, monetary, sanctions would not be effective. See *Dennis v. Feeney*, 2012 U.S. Dist. LEXIS 7328, *5 (M.D. Pa. 2012) (finding, "monetary sanctions are unlikely to be efficacious given that Plaintiff is indigent"); *Shilala v. SCI Albion*, 2012 U.S. Dist. LEXIS 95887, *7 (W.D. Pa. 2012) ("Alternative sanctions, such as monetary penalties, are inappropriate with indigent parties."). Lastly, for the reasons discussed below, it is unlikely that Plaintiff's claims will succeed against Defendant Larson.

Consequently, the *Poulis* factors weigh in favor of dismissing Plaintiff's complaint for failure to prosecute. Nevertheless, for the following reasons, this Court finds that Defendant Larson's motion to dismiss should be granted.

### B. Eighth Amendment Claim

Section 1983 of Title 42 of the United States Code offers private citizens a cause of action for violations of federal law by state officials. See 42 U.S.C. § 1983. The statute provides, in pertinent part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

6

*Id.*; *see also Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002); *Kneipp v. Tedder*, 95 F.3d 1199, 1204 (3d Cir. 1996). To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

"The Cruel and Unusual Punishments Clause of the Eighth Amendment proscribes 'punishments which are incompatible with the evolving standards of decency that mark the progress of a maturing society.'" *Tillman v. Lebanon Cnty. Corr. Facility*, 221 F.3d 410, 417 (3d Cir. 2000) (footnote omitted) (quoting *Estelle v. Gamble*, 429 U.S. 97, 102, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976)). A prison official violates the Eighth Amendment when: (1) the prisoner suffers an objectively, sufficiently serious deprivation; and (2) the prison official acts with deliberate indifference to the prisoner's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994); *Fortune v. Hamberger*, 379 Fed. Appx. 116, 122 (3d Cir. 2010) (stating, "an inmate [is required] to show that 'he is incarcerated under conditions posing a substantial risk of serious harm,' and that prison officials demonstrated a 'deliberate indifference' to his health or safety"). Under the first element, a "prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities." *Farmer*, 511 U.S. at 834. To establish deliberate indifference under the second element, the prison official must: (1) know of and disregard

an excessive risk to inmate health or safety; (2) be aware of facts from which an inference could be drawn that a substantial risk of serious harm exists; and (3) draw the inference. *Id.* at 837. The subjective element "entails something more than mere negligence." *Id.* at 835.

In order to establish an Eighth Amendment medical claim, a plaintiff "must show (i) a serious medical need, and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need." *Natale v. Camden Cty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003) (citing *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999)). A serious medical need is "one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would recognize the necessity for a doctor's attention." *Monmouth Cty. Corr. Institutional Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987). In addition, "if unnecessary and wanton infliction of pain results as a consequence of denial or delay in the provision of adequate medical care, the medical need is of the serious nature contemplated by the eighth amendment." *Id.* (citation omitted).

Plaintiff alleges that his Eighth Amendment rights were violated when Defendant Deputy Warden Larson "failed and refused to protect Plaintiff from cruel and unusual punishment." (Doc. 1, p. 4). Plaintiff fails to set forth any additional allegations in support of his claim against Defendant Larson. Plaintiff's allegations against Defendant Larson simply do not rise to the level of a cognizable constitutional violation.

For purposes of Eighth Amendment medical claims, non-medical correctional staff

8

may not be "considered deliberately indifferent simply because they failed to respond directly to the medical complaints of a prisoner who was already being treated by the prison doctor." *Durmer v. O'Carroll*, 991 F.2d 64, 69 (3d Cir. 1993). The rationale for this rule has been aptly explained by the United States Court of Appeals for the Third Circuit as follows:

> If a prisoner is under the care of medical experts . . . , a non-medical prison official will generally be justified in believing that the prisoner is in capable hands. This follows naturally from the division of labor within a prison. Inmate health and safety is promoted by dividing responsibility for various aspects of inmate life among guards, administrators, physicians, and so on. Holding a non-medical prison official liable in a case where a prisoner was under a physician's care would strain this division of labor. Moreover, under such a regime, non-medical officials could even have a perverse incentive *not* to delegate treatment responsibility to the very physicians most likely to be able to help prisoners, for fear of vicarious liability. Accordingly, we conclude that, absent a reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner, a non-medical prison official . . . will not be chargeable with the Eighth Amendment scienter requirement of deliberate indifference.

*Spruill v. Gillis*, 372 F.3d 218, 236 (3d Cir. 2004). Courts have repeatedly held that, absent some reason to believe that prison medical staff are mistreating prisoners, non-medical corrections staff who refer inmate medical complaints to physicians may not be held personally liable for medically-based Eighth Amendment claims. *See, e.g., id.* at 236-37 (citing *Durmer*, 991 F.2d at 69); *Garvey v. Martinez*, No. 08-2217, 2010 WL 569852, at *6-7 (M.D. Pa. 2010); *Hodge v. United States*, No. 06-1622, 2007 WL 2571938, at *5-6 (M.D. Pa. 2007). Moreover, a claim of a constitutional deprivation cannot be premised merely on the fact that the named defendant was the prison warden, or a prison supervisor, when the

incidents set forth in the complaint occurred. See Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988).

Applying these constitutional benchmarks, it is apparent that, with respect to Deputy Warden Larson, a non-medical Defendant, Plaintiff's complaint fails to state a claim upon which relief can be granted. Accordingly, Plaintiff's claim against Defendant Larson will be dismissed.

Further, Plaintiff fails to articulate an arguable claim with regard to his allegations that "the corr. facility refused to provide adequate mental health care" for a period of eleven days, and that he was placed in isolation. (Doc. 1, p. 3). Plaintiff fails to state that any named Defendant refused to provide treatment, he fails to state who punished him, the extent of the alleged segregation, and how this placement in segregation amounted to cruel and unusual punishment. See (Doc. 1).

Plaintiff's general allegation that the "correctional facility" failed to provide adequate mental health treatment is insufficient to state a plausible claim for relief. A correctional facility is not a separate legal entity subject to suit under § 1983. In order to state a viable § 1983 claim, a plaintiff must plead two essential elements: (1) that the conduct complained of was committed by a person acting under color of state law, and (2) that said conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. Groman v. Township of Manalapan, 47 F.3d 628, 638 (3d Cir. 1995);

*Shaw by Strain v. Strackhouse*, 920 F.2d 1135, 1141-42 (3d Cir. 1990). A prison or correctional facility is not a "person" within the meaning of § 1983. *See Fischer v. Cahill*, 474 F.2d 991, 992 (3d Cir. 1973); *Sponsler v. Berks County Prison*, 1995 WL 92370, *1 (E.D. Pa. 1995). Plaintiff fails to set forth any factual allegations that any named Defendants were deliberately indifferent to his serious medical needs. Even if the allegations in the complaint amounted to negligence, simple negligence cannot serve as a predicate to liability under § 1983. *Hudson v. Palmer*, 468 U.S. 517 (1984).

Additionally, solitary confinement is not per se violative of the Eighth Amendment. *See United States ex rel. Tyrrell v. Speaker*, 471 F.2d 1197, 1202 (3d Cir. 1973). The Third Circuit Court of Appeals has held that prolonged confinement in administrative custody is not cruel and unusual punishment in violation of the Eighth Amendment. *Griffin v. Vaughn*, 112 F.3d 703, 709 (3d Cir. 1997). An inmate placed in administrative custody pursuant to a legitimate penological reason could "be required to remain there as long as that need continues." *Id.* In a conclusory fashion, Plaintiff states that he "was punished to isolation for asking for his medication." (Doc. 1, p. 3). Plaintiff fails to set forth any facts in support of this claim, and his general allegations are insufficient to state a claim for relief. *See Flanagan v. Shively*, 783 F. Supp. 922, 928-29 (M.D. Pa. 1992) (holding that "[p]leading conclusory allegations that, for example, the defendants acted willfully, intentionally and deliberately or with reckless disregard of plaintiff's rights does not suffice" to avoid dismissal

for failure to state a claim), *affirmed* 980 F. 2d 722 (3d Cir. 1992), *cert. denied* 510 U.S. 829 (1993).

Accordingly, Plaintiff's claims regarding the alleged denial of mental health treatment, and the alleged placement in disciplinary segregation will be dismissed.

### C. Qualified Immunity

"The doctrine of qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (internal quotation marks omitted). "Qualified immunity balances two important interests—the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." *Pearson*, 555 U.S. at 231. It "provides ample protection to all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986). "Thus, so long as an official reasonably believes that his conduct complies with the law, qualified immunity will shield that official from liability." *Sharp v. Johnson*, 669 F.3d 144, 159 (3d Cir. 2012) (citing *Pearson*, 555 U.S. at 244). Although qualified immunity is generally a question of law that should be considered at the earliest possible stage of proceedings, a genuine dispute of material fact may preclude summary judgment on qualified immunity. *Giles v. Kearney*, 571

F.3d 318, 325-26 (3d Cir. 2009).

A qualified immunity determination involves a two-pronged inquiry: (1) whether a constitutional or federal right has been violated; and (2) whether that right was "clearly established." Saucier v. Katz, 533 U.S. 194, 201 (2001), overruled in part by Pearson, 555 U.S. at 236 (permitting federal courts to exercise discretion in deciding which of the two Saucier prongs should be addressed first). As explained in this Memorandum, Plaintiff has failed to establish any constitutional violation against Defendant Larson. Therefore, Defendant Larson is protected by qualified immunity.

## IV.  Leave to Amend

When a complaint fails to present a prima facie case of liability, courts should generally grant leave to amend before dismissing a complaint. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000). Specifically, the Third Circuit has admonished that when a complaint is subject to dismissal for failure to state a claim, courts should liberally grant leave to amend "unless such an amendment would be inequitable or futile." Phillips, 515 F.3d at 245 (citing Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004)). The federal rules allow for liberal amendments in light of the "principle that the purpose of pleading is to facilitate a proper decision on the merits." Foman v. Davis, 371 U.S. 178, 182 (1962) (citations and internal quotations omitted). However, in the matter sub judice, our analysis of the Poulis factors

13

above, combined with the fact that our December 23, 2015 Order already allowed Plaintiff additional time to oppose Defendants' Motion, and contained the warning that his failure to do so "will result in the motion being deemed unopposed," (Doc. 23, p. 1), make it inequitable to offer Plaintiff yet another opportunity to pursue this case. Plaintiff has had approximately ten months to contest Defendants' Motion to Dismiss, but has never attempted to do so. Accordingly, the Court finds that a curative amendment would be inequitable here and that dismissal with prejudice is therefore warranted.

## V. <u>Federal Rule of Civil Procedure 4(m)</u>

Federal Rule of Civil Procedure 4(m) provides as follows:

> If a defendant is not served within 120 days after the complaint is filed, the court -- on motion or on its own after notice to the plaintiff -- must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

FED. R. CIV. P. 4(m).

Defendants Robert Lawton and James Younkin have never been properly served in this case, nor have they had an attorney enter an appearance on his behalf. Defendant Lawton was named in the complaint filed on February 27, 2015, and Defendant Younkin was subsequently named on March 20, 2015, (Doc. 10). Nearly a year has passed since such time, and it appears that Plaintiff has abandoned the action against these Defendants. As a result, these non-served Defendants will be dismissed from this case pursuant to Rule

14

4(m) of the Federal Rules of Civil Procedure, as they have not been served within 120 days of the date on which they were named as Defendants in this case.

## VI. Conclusion

For the reasons set forth above, Defendant Larson's motion to dismiss will be granted, and Defendants Lawton and Younkin will be dismissed pursuant to Federal Rule of Civil Procedure 4(m). An appropriate Order shall issue.

Date: February 23, 2016

Robert D. Mariani
United States District Judge